MERRIMAN S. SMITH, Judge.
On May 16, 1945, claimant went to work for a Miss West, secretary of the West Virginia board of examiners for registered nurses, a subsidiary of the state agency, board of control, at its office in Charleston, Kanawha county, West Virginia, at an agreed monthly salary of $150.00, the office hours being from nine A. M. to five P. M., Monday through Friday, and Saturdays from nine to twelve noon. Claimant worked for two months or until July 16, 1945, wnen she tendered her resignation.
Claimant testified that for many days she worked overtime and read a detailed account of each day's time put in, including the hours and minutes, making a total of about fifty-six hours, or eight days, overtime, for which time she now makes claim against the state for reimbursement. At the time of making this daily timetable it was not made for the purpose of claiming overime pay but for the purpose of having it applied to her vacation credit.
In practically all departments of the state there are times during the year when certain emergencies arise and more work *170 is necessarily required so that the employees are compelled to work overtime unless extra help is employed, and the budget act does not set up a fund for overtime payment of such employees paid on a monthly wage scale. The evidence in this case was conclusive that no provision is made for overtime payment of the salaried employees of the state and whenever anyone applies for a salaried posiiion with any of the state agencies they have notice that the state makes no contracts, either express or implied, that they are to receive extra compensation for hours worked overtime during the course of their regular duties. There is no reason why an employee of the state should not be as loyal, interested, cooperative and conscientious as with a private organization, and when by virtue of incompatability of temperament, jealousy or personal prejudices there arises discord and discontent between an employee and his or her superior, then for the good of all concerned resignation should be in order. It is not encumbent upon the state to reimburse disgruntled employees for working overtime' when necessity so demands or the superior by virtue of bad judgment or mismanagement fails to cooperate or to be considerate of those under his or her supervision.
An award is hereby denied and the case dismissed.